**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| ROBERT ANDREW BARTLETT, JR., | ) | |
| | ) | |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| ALVIN W. KELLER, | ) | 1:10CV437 |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's motion for summary judgment (docket no. 6). Pro se Petitioner Robert Andrew Bartlett, Jr. has responded (docket no. 13), and the matter is ripe for disposition. Petitioner has also filed his own motion for summary judgment (docket no. 15) and a motion to expand the record (docket no. 17). These motions are before the court as well. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motions must be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Respondent's motion for summary judgment, deny Petitioner's cross-motion for summary judgment, and deny Petitioner's motion to expand the record.

**I. Background**

On July 14, 2000, Petitioner was convicted in the Superior Court of Alamance County of three counts of first-degree sexual offense in case 99 CRS 13714. He was then sentenced to life imprisonment. Petitioner did pursue a direct appeal, but

that ended unsuccessfully when the North Carolina Supreme Court dismissed the appeal and denied discretionary review on February 27, 2003. *State v. Bartlett*, 356 N.C. 679, 577 S.E.2d 892 (2003). Petitioner then began a series of post-conviction filings in the state and federal courts.

Petitioner's first post-appeal filing[1] was a motion for appropriate relief filed in the trial court on October 3, 2003 (docket no. 7, ex. 9).[2] It was promptly denied on October 22, 2003 (*id.*, ex. 10), and Petitioner filed a petition for certiorari in the North Carolina Court of Appeals. On December 31, 2002, that court dismissed the petition without prejudice because Petitioner did not follow a rule of procedure requiring that he attach a copy of his motion for appropriate relief and a copy of the order denying the motion for appropriate relief (*id.,* ex. 13). On February 5, 2004, Petitioner filed a petition for a writ of mandamus seeking to have the North Carolina Court of Appeals order the Superior Court to provide Petitioner with, at least in part, the documents needed to file his petition for certiorari (*id.* ex 14). This was denied, as was a subsequent request for review in the North Carolina Supreme Court (*id.* exs. 16, 18).

---

[1] Petitioner had earlier filed a pro se motion for appropriate relief while his appeal was pending. Because Petitioner was represented by counsel and had an appeal pending, that motion was not considered (docket no. 7, exs. 5, 6).

[2] Although the document appears to be filed stamped as having been received on October 9, 2003, the order denying it states that it was filed on October 3, 2003 (docket no. 7, ex. 10). The court will use the earlier date, which favors Petitioner, as opposed to resolving this issue.

Petitioner's next filing was a petition for habeas corpus filed in this court on September 30, 2004, in case 1:04CV975. Not surprisingly, given that Petitioner had not filed a petition for certiorari regarding his motion for appropriate relief, that petition was dismissed without prejudice on June 6, 2005, based on Petitioner's failure to exhaust his state court remedies (1:04CV975, docket nos. 19, 20 (order and judgment adopting recommendation that case be dismissed without prejudice due to non-exhaustion)). His appeal of that dismissal was unsuccessful (*id.*, docket nos. 28-31).

Petitioner still did not seek certiorari concerning the denial of his motion for appropriate relief. Instead, on November 15, 2005, he filed a petition for habeas corpus in the Superior Court of Orange County. That court denied part of Petitioner's claims and transferred the rest to be treated as a motion for appropriate relief in Alamance County (docket no. 7, exs 19, 20). During the time that Petitioner was unsuccessfully appealing that order (*see id.* ex. 22 (dismissing appeal on April 24, 2006)), the Superior Court of Alamance County denied Petitioner's remaining claims (*id.* ex. 23 (December 14, 2005, order denying motion for appropriate relief originally filed as a habeas petition in Orange County)).

The record does not show that Petitioner filed anything else for nearly two and a half years after the denial of his appeal of Orange County's treatment of his habeas petition. Then, on September 14, 2009, Petitioner filed a petition for a writ of certiorari/petition for a writ of mandamus in the North Carolina Court of Appeals

seeking review of the denials of his post-conviction motions (*id.* ex 24). This was denied on October 1, 2009 (*id.* ex. 26). Finally, on June 1, 2010, Petitioner dated and mailed his current habeas petition to this court. It was received and filed on June 4, 2010.

**II. Discussion**

Respondent's first argument is a request for dismissal on the ground that the petition was filed[3] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); 28 U.S.C. § 2244(d)(1)(A).[4] Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States

---

[3] Some courts have adopted a so-called "mailbox rule" holding that a 2255 petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. *See, e.g., Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The Fourth Circuit has taken "no position" on the question. *See United States v. Torres*, 211 F.3d 836, 837 n. 3 (4th Cir. 2000). In any event, as will be seen, it makes no difference here.

[4] There are other possible starting points for the limitation period; however, none of those apply here.

-4-

Supreme Court; or, (2) the expiration of the time to file such a petition. *Clay v. United States*, 537 U.S. 522 (2003); *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Here, Petitioner did pursue a direct appeal through the North Carolina Supreme Court's denial of his petition for discretionary review, which occurred on February 27, 2003, but he did not seek certiorari from the United States Supreme Court. Therefore, his conviction became final 90 days later on May 28, 2003.

The one-year limitation period is tolled while state post-conviction proceedings are pending. *Harris, supra*; 28 U.S.C. § 2244(d)(2). The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). The tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Here, Petitioner's time to file began to run on May 23, 2003, and ran for 128 days[5] until he filed his motion for appropriate relief in Alamance County on October 3, 2003. This filing tolled the limitations period with 237 days left for Petitioner to file in this court.

---

[5] Respondent calculates that 134 days expired. This difference is explained by the fact that he uses October 9, 2003, as the filing date of Petitioner's motion for appropriate relief, while the court, as noted in footnote 2, is using October 3, 2003. All other time calculations by Respondent are similarly adjusted.

Respondent is willing to assume that the limitation period then remained tolled until Petitioner finally exhausted all of his state court remedies with the denial of his certiorari petition by the North Carolina Court of Appeals on October 1, 2009; however, this appears far too generous. Petitioner's initial certiorari petition seeking review of the denial of his motion for appropriate relief was dismissed by the North Carolina Court of Appeals on December 31, 2003. It is true that the dismissal was without prejudice; however, as of that time, Petitioner had nothing pending in the state courts. Petitioner did thereafter make a number of filings, such as a petition for a writ of mandamus seeking the documents he needed to refile his certiorari petition in February of 2004, a non-exhausted habeas petition in this court, and a habeas petition in the state courts. Assuming without finding that his time to file was tolled while he pursued all of these, they were still all concluded as of April 24, 2006, when Petitioner's appeal of the denial of part of his state habeas petition by the Superior Court of Orange County was denied. His motions for appropriate relief had been denied months or years before. Petitioner's limitations period then began to run on that date and expired 237 days later.

In fact, Petitioner filed nothing else in any court for more than three years between April 24, 2006, and September 14, 2009, when he filed a petition for certiorari with the North Carolina Court of Appeals seeking certiorari based on the denials of his motions for appropriate relief. Attempts at post-conviction review filed after the limitations period has expired do not revive a petitioner's time to file. Nor

did Petitioner's belated attempt at seeking a writ of certiorari mean that the limitation period was tolled for the entire time between the denial of his motions for appropriate relief in 2003 and 2005 and the denial of his certiorari petition in 2009.

It is true that Petitioner did still hypothetically have the opportunity to seek certiorari review of the denials of his motions for appropriate relief. Nevertheless, this did not affect the running of the limitation period after April 24, 2006, when he no longer had any attempt at post-conviction relief pending in the state courts. There is no definite time prescribed under North Carolina law for the filing of a petition of certiorari seeking review of a motion for appropriate relief. Instead, unlike most states which set a definite time for a post-conviction appeal to be filed, North Carolina only requires dismissal of a petition which was unreasonably delayed. N.C.R. App. P. 21(e) (whoever "unreasonably delays in filing"). This leaves an indeterminate period for the filing of certiorari petitions and the North Carolina Courts have never defined the phrase "unreasonable delay." As discussed in *McConnell v. Beck*, 427 F. Supp. 2d 578 (M.D.N.C. 2006), however, this court has concluded that the North Carolina courts would not extend the time for filing a petition for certiorari beyond thirty days except in extraordinary circumstances. *McConnell*, 427 F. Supp. 2d at 582 (basing this finding on *Evans v. Chavis*, 546 U.S. 189 (2006)).[6]

---

[6] It is true that Petitioner's ability to refile his certiorari petition as to his first motion for appropriate relief was created by the North Carolina Court of Appeals' dismissal without prejudice. No time limit for refiling was set out in that dismissal; however, there is no reason that the time to refile would have been longer than the time for filing initially. Certainly, it would not have extended the time to file by several years. The dismissal without prejudice did not somehow indefinitely toll Petitioner's time to file in this court.

This means that Petitioner's time to file in this court under Section 2244 began to run, at the latest, on April 24, 2006, and expired long before he filed his current petition on June 1, 2010. His petition is untimely and should be dismissed as such.[7]

The discussion above provides ample basis to dismiss the petition. As an alternative basis, the petition would also be dismissed even if Respondent's more generous time line were followed. As noted, 128 days of the limitation period ran between the finality of Petitioner's convictions and his first attempt at post-conviction relief. Respondent then assumes that the limitation was tolled until October 1, 2009, when the North Carolina Court of Appeals denied Petitioner's final petition for certiorari, but that the remainder of the period expired between that date and the time Petitioner mailed his petition on June 1, 2010. The petition was six days late under this scenario.

Petitioner contests this time line by stating that, even though his petition for certiorari was denied on October 1, 2001, he did not receive notice of that denial until April 12, 2010 (docket no. 2, § 18).[8] He believes that his remaining 237 days

---

[7] Respondent states that fifteen of Petitioner's sixteen claims should be dismissed with prejudice due to the limitations period, but that his sixteenth claim, which deals with prison disciplinary matters and not his underlying convictions should be dismissed without prejudice because it was not properly part of Petitioner's challenge to his convictions. Although it is true that this claim should have been brought separately, there is no need to put either Petitioner, Respondent, or this court to the trouble and expense of another case. The disciplinary proceedings about which Petitioner complains occurred in 2002 and 2003. Any claim related to them is also clearly time barred. All of Petitioner's claims should be dismissed with prejudice.

[8] Petitioner offers only his conclusory statement, as opposed to any proof, that his notice was delayed. Nevertheless, the court will assume for the purposes of this opinion that his statement is accurate.

to file began to run at that time, making his petition easily timely. Petitioner is incorrect. The time to file is not tolled until the petitioner receives a copy of the state court's denial of his post-conviction relief. *See Rouse v. Lee*, 339 F.3d 238, 245-46 (4th Cir. 2003) (rejecting three-day extension for mailing). Petitioner argues that the rule in *Rouse* does not apply because, unlike *Rouse* where the issue was whether a standard three-day time period for mailing should not be counted, the problem here is that Petitioner allegedly lost more than six months of his time to file due to a lack of notice from the state courts. The problem for Petitioner is that, however much time passed before Petitioner received notice, the fact remained that he had nothing pending seeking collateral relief in the state courts. There was, therefore, nothing to toll the limitations period under 28 U.S.C. § 2244(d)(2). *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Although a failure to receive the notice of the North Carolina Court of Appeals denial did not prevent Petitioner's time to file from running, Petitioner is not without potential relief from the alleged failure to send the notice. This is because, while the delay in notice may not toll the limitation period under Section 2244(d)(2), it does open the door to equitable tolling. The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005)). A delay by the state courts in giving a petitioner notice of the denial of an attempt at state court relief can qualify as the "extraordinary circumstances" required for equitable tolling. *Phillips*, 216 F.3d at 511. The question then becomes one of diligence.

Here, assuming that Petitioner has demonstrated extraordinary circumstances, he did not exercise the required diligence. Although the delay in notice consumed most of Petitioner's time to file, he still had about a month and a half to file his petition even after receiving the notice in which to file a timely petition under Respondent's computations. By acting quickly, he could still have filed a timely petition according to Respondent. He did not do so, but apparently assumed instead that his time to file had just begun to run (docket no. 16 at 4). This was incorrect, but a mistake in calculating the running of the limitation period does not entitle a petitioner to relief. *Rouse*, 339 F.3d at 246-247. It is true that Petitioner did not have a great deal of time remaining to file. As he acknowledges, however, his current petition is largely the same as the one filed in this court in 2004, with some "minor updates" (docket no. 16 at 3). He could have easily filed his current petition in the month and a half that remained of his year to file. It is also true that Petitioner is not represented by counsel and does not have access to legal materials, but again, Petitioner was really only refiling work he had already performed years before. Also, Petitioner is himself an attorney who practiced law for a number of years (trial tr. 805-06). This alone would give him a substantial advantage over the ordinary

prisoner facing the same circumstances. In the end, Petitioner could have, at least under Respondent's time line, filed a timely petition if he had chosen to do so and had exercised due diligence. Petitioner has not shown the diligence required to be entitled to equitable tolling. Even if Respondent's calculations of the time to file are used, the petition should still be dismissed for being untimely. This also means that Petitioner's motion for summary judgment should be denied and that his motion to expand the record to add materials relevant to the merits of his claims should be denied for being moot.

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no. 6) be **GRANTED**, that Petitioner's motions for summary judgment (docket no. 15) and to expand the record (docket no. 17) be **DENIED**, and that the petition be **DISMISSED**.

／s／ Wallace W. Dixon
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
March 31, 2011