IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT ANDREW BARTLETT, JR., | ) | |
| | ) | |
| Petitioner, pro se, | ) | |
| | ) | **O-R-D-E-R** |
| v. | ) | 1:10CV437 |
| | ) | |
| ALVIN W. KELLER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Robert Bartlett filed this petition seeking a writ of habeas corpus in connection with his conviction on various sex offenses in Alamance County Superior Court, North Carolina. The one-year period established by 28 U.S.C. § 2244(d) within which these kinds of petitions must be filed began to run in late May 2003. The limitation period was then tolled in October 2003 when Mr. Bartlett filed his Motion for Appropriate Relief in state court. The Court concludes that the tolling period ended no later than October 31, 2009, that Mr. Bartlett's petition was filed after the one-year limitation period expired, and that Mr. Bartlett has failed to establish equitable tolling.

On March 31, 2011, in accordance with 28 U.S.C. § 636(b)(1)(c), the Recommendation of the United States Magistrate Judge was filed recommending that the case be dismissed, and notice was served on the parties in this action. Mr. Bartlett objected to the Recommendation.

The Court has reviewed the Magistrate Judge's report and has made a de novo determination as to the portions of which objection was made. The Court has also considered the supplemental brief filed by Mr. Bartlett in response to the Court's order pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), notifying Mr. Bartlett that his complaint may be dismissed if he does not show that the limitations period has not expired.

As recently restated by the Supreme Court, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

> generally requires a federal habeas petition to be filed within one year of the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). But the 1-year limitation period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." § 2244(d)(2).

*Wall v. Kholi*, 131 S. Ct. 1278, 1282-83 (2011). The Magistrate Judge accurately stated the applicable law governing the timeliness of a habeas petition and the Court adopts the Magistrate Judge's summary of the applicable legal principles.

Mr. Bartlett was convicted in July 2000 and his convictions were affirmed on appeal. *State v. Bartlett*, 571 S.E.2d 28 (N.C.App. 2002). The North Carolina Supreme Court denied discretionary review on February 27, 2003, *State v. Bartlett*, 577 S.E.2d 892 (N.C. 2003), and the one-year limitation period in the Act began to run ninety days later on May 28, 2003, when Mr. Bartlett did not file a petition for certiorari with the U.S. Supreme Court. *See Hill,* 277 F.3d at 704.

On October 9, 2003, Mr. Bartlett filed a Motion for Appropriate Relief ("MAR") in Alamance County Supreme Court seeking post-conviction review of his convictions. The MAR was denied on October 22, 2003, and Mr. Bartlett filed a petition for certiorari in the North Carolina Court of Appeals on December 16, 2003. The petition was denied without prejudice on December 31, 2003, for failure to attach a certified copy of the Order denying the MAR.

Over the next five-and-a-half years, Mr. Bartlett filed various pleadings of various names with various courts, all of which were unsuccessful.[1] For large periods of time, nothing was

---

[1] It seems unlikely that these proceedings could be categorized as efforts to obtain collateral review of his conviction. *See Wall v. Kholi*, 131 S. Ct. 1278 (2010). It is unnecessary for the Court to reach this issue, however.

2

pending.[2] Finally, on September 14, 2009, he re-filed a petition for certiorari in the North Carolina Court of Appeals in connection with the denial of his 2003 state-court MAR. The Court of Appeals denied the petition on October 1, 2009. Mr. Bartlett signed his petition for habeas corpus on June 1, 2010, mailed it on June 3, and it was stamped filed in this court on June 4.

The one-year limitation period had expired before Mr. Bartlett filed his petition. 134 days passed from the date his conviction became final on May 23, 2003, until he filed his Motion for Appropriate Relief on October 9, 2003.[3] Once collateral proceedings in state court ended, he had 231 days to file a petition with this Court (365 days in a year, minus 134 days, equals 231 days). At the latest, these collateral proceedings ended on October 1, 2009, when the North Carolina Court of Appeals denied his petition for certiorari. He thus had until May 20, 2010, to file his petition. He did not sign this petition until June 1, 2010, 242 days after collateral proceedings ended and twelve days after the one-year time limitation expired.

Mr. Bartlett first contends that the limitation period remained tolled until he received notice of the decision by the North Carolina Court of Appeals, which he says was on April 12, 2010. For the reasons stated by the Magistrate Judge, this contention is without merit. *See Rouse v. Lee*, 339 F.3d 238, 245-46 (4th Cir. 2003).

---

[2] For example, after his petition for discretionary review was denied by the North Carolina Supreme Court on August 12, 2004, in connection with his litigation against the Alamance County Clerk of Court, Mr. Bartlett did nothing until November 15, 2005, when he filed a petition for habeas corpus in Orange County Superior Court. Later, after the North Carolina Court of Appeals denied his petition for certiorari in connection with the Orange County case on April 24, 2006, Mr. Bartlett did nothing until he filed the petition for certiorari in connection with the denial of his 2003 MAR; this was filed as noted above on September 24, 2009.

[3] The MAR itself is stamp-filed on October 9, 2003. The Court Order denying the MAR states that the MAR was filed on October 3, 2003. Mr. Bartlett stated in his petition that it was filed "after October 16, 2003." (Docket 2 at page 3.) The Magistrate Judge used the October 3, 2003, date because it benefitted the defendant; the defendant objected to this date, even though it was in his favor. Whether one uses October 3, October 9, or October 16, the petition was untimely.

Mr. Bartlett next argues that he is entitled to equitable tolling as authorized by *Holland v. Florida*, 130 S. Ct. 2549 (2010). Equitable tolling is appropriate if a petitioner shows "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Bartlett contends that he did not receive a copy of the North Carolina Court of Appeals September 14, 2009, decision until April 12, 2010, and that this is an extraordinary circumstance. Yet he has offered no evidence beyond his uncorroborated and unsworn statement to support his claim. This is insufficient to meet the burden of establishing equitable tolling.

Even if one assumes Mr. Bartlett did not receive the Court of Appeals decision until April, he has not shown due diligence. The petition Mr. Bartlett filed in June 2010 is similar in large part to a habeas petition Mr. Bartlett filed in this court in 2005. Mr. Bartlett indeed acknowledged that his 2010 petition was substantially identical to the earlier petition, requiring little work on his part to file it. *See* Docket 16 at page 3 ("with a few minor updates and editions [sic], the instant petition is the refiling of the original petition"). There is no evidence to the contrary.[4] There was no reason he could not have filed this petition before the one-year limitation period expired, which was some five weeks after he says he received notice of the decision by the Court of Appeals. *Cf. Holland*, 130 S. Ct. at 2557 (petitioner filed untimely habeas petition the day after he learned of state appellate court action). The record shows that Mr. Bartlett has pursued his post-conviction rights only in fits and starts, with large unexplained gaps and significant delays.

---

[4] Mr. Bartlett's unsworn vague statements in a later brief offering that "changes in law have occurred or important decisions have been issued" as the reason he could not file on time is not evidence and is certainly not persuasive. (Docket 21 at page 11.)

4

Giving Mr. Bartlett every benefit in counting, he failed to file his petition within one year of when his conviction became final, he has failed to establish equitable estoppel, and his petition is therefore barred.

In the alternative, the Magistrate Judge's conclusions concerning Mr. Bartlett's failure to timely seek certiorari after the 2003 denial of his Motion for Appropriate Relief are also correct under previous cases decided in this court. *E.g., McConnell v. Beck*, 427 F.Supp.2d 578 (M.D.N.C. 2006). *McConnell* has been cited with approval by both the Eastern District of North Carolina, *e.g., Everette v. Lewis*, No. 5:10-HC-2034-D, 2011 U.S. Dist. LEXIS 16180 at *7 (E.D.N.C. Feb. 17, 2011) and the Western District of North Carolina, *e.g., Johnson v. Hunt*, No. 1:08CV20-03-MU, 2008 U.S. Dist. LEXIS 21046 at *5 (W.D.N.C. Mar. 3, 2008).

The Court further agrees with and adopts Footnote 7 of the Magistrate Judge's Recommendation.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Recommendation is adopted to the extent indicated by this Order, the Respondent's motion for summary judgment (docket no. 6) is **GRANTED**, that Petitioner's motions for summary judgment (docket no. 15) and to expand the record (docket no. 17) are **DENIED**, and that this action is **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 18th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE